### KNULL v McCRERY, Mayor

Ohio Appeals, 2nd Dist, Champaign Co

No 102. Decided March 30, 1939

Deaton, Bodey & Bodey, Urbana, for plaintiff-appellant.

Edgar W. Tait, Urbana, for defendant-appellee.

## OPINION

**BY THE COURT:**

An appeal on questions of law from a judgment of the trial court in favor of defendant.

The action was in Replevin to recover one O. K. Mint Vender, Serial No. 426938. The defendant answered and after general denial alleged specifically that,

1. Said Mint Vender was seized by the police officers upon the order of the defendant while the same was being kept and exhibited for gain in a public restaurant in the City of Urbana.

2. Said Mint Vender is a gambling device.

3. From the time of its installation in said restaurant the public was encouraged and permitted to use the same as a gambling device.

4. Said police officers entered said restaurant lawfully and with the consent of the proprietor and without any unlawful search made such seizure when they detected the presence of said gambling device by sight.

The affirmative averments of the answer were denied by the reply. Jury was waived and cause was submitted to the trial judge.

The machine involved in the case carried a plate on the face thereof reading as follows:

### "MINT VENDER

"One package of mints may be purchased by depositing a five cent coin in the slot, and purchaser may also receive metal tokens, each of which if received on first purchase is redeemable here for five cents in trade.

### NOTICE

Depositing in this mechanical device, or attempting to operate same, with anything other than a five cent coin is unlawful and is strictly forbidden. No metal tokens, coupons or chips, will be redeemed unless same were obtained with first purchase and any consecutive alternate purchase shall not be a first purchase under the above restriction.

Copyright, 1934, by
Charles H. Knull."

And a further printed notation,

"Before you make a purchase through this vender . . . look in the window and see what you can buy for your coin."

It is not necessary to review the evidence which is not in substantial conflict. We are satisfied that upon this record there is but one question presented, namely, was the machine, the subject of the Replevin action, a gambling device per se? The testimony is not sufficient to support a finding that there had been any consecutive play by the same or alternate players. The proof is to effect that no token had been redeemed by the owner of the place where the machine was exhibited.

We do not deem it necessary to review, digest and analyze the cases in Ohio respecting slot machines. We have written several opinions involving machines much like the one before us in this case and at least one opinion

where the same machine was under consideration.

We have heretofore been directed in the main by the controlling decision of the Supreme Court in State v. Kraus, 114 Oh St 342, a careful reading of which is conclusive that the court did not consider a machine in all substantial particulars like the one involved in the instant case to be a gambling device per se because it refused to support a conviction of exhibiting a gambling device for gain without proof of redemption of checks secured from play of the machine.

However, in a recent opinion in Kraus v City of Cleveland, et, 135 Oh St 43 Supreme Court without taking any cognizance whatever of the former Kraus case or even mentioning it, announces the law as follows:

"1. An automatic or mechanical machine which discharges tokens or slugs of a size and shape capable of being replaced in the machine in reward for successful play is a "gambling device" per se within statute prohibiting the keeping of gambling devices.

"2. To constitute 'gambling' within statutory prohibition, a game must be one which is played for gain of money or a thing of value as a prize or reward.

"3. A device, which for a coin deposited therein returns to all players a given amount of amusement and in addition returns tokens as reward depending on chance, is a 'gambling device' within statuory prohibition, and an ordinance authorizing licensing of such device is invalid, notwithstanding provision forbidding repaying, cashing or redemption of tokens."

To meet this case it is urged by counsel for the plaintiff that successful play involves the element of chance and that this element dominated the opinion of the Supreme Court. The court in explaining the law announced said,

"that amusement is a thing of value*** the less amusement one receives the less value he receives and the more amusement the more value he receives. Whoever plays the device and obtains tokens therefrom receives more value for his nickel with respect to the amount of amusement obtained than the player who receives none at all***. However, the number of tokens the player may receive is wholly dependent upon chance. Consequently, the amount of amusement the player receives for his nickel by virtue of the return of the tokens is dependent wholly upon chance***.

The minimum amount of amusement offered in each play is that which is offered without any return of tokens. Whatever amusement is offered through the return of tokens is added amusement, which a player has an uncertain chance of receiving***.

Since amusement has value and added amusement has additional value, and since it is subject to be procured by chance without the payment of additional consideration therefor, there is involved in the game three elements of gambling, namely, chance, price and a prize."

This pronouncement is based upon a new concept of a thing of value.

In the opinion in State v Kraus, supra, it is said:

"It is generally held that a slot vending machine, which, in return for a coin deposited therein, dispenses merchandise of the value of such coin, accompanied at occasional and uncertain intervals by a varying amount of money, trade checks, or coupons, is a gambling device.

"Nor is such a machine rendered innocuous by the fact that it indicates in advance of each deposit exactly what it will dispense; it being considered that, in such instances, the player gambles, not on the immediate return for the coin he deposits, but on the hope or chance that the indicator will show a profit on his next play."

The rationale of the opinion in State v Kraus is that until there had been a

redemption by a player of a token received from the machine as a result of a play there could be no gain and that an element of the offense charged, namely, exhibition for gain, was not found. The logic of the opinion in Kraus v Cleveland seems to be entirely inconsistent with the former pronouncement. The trial judge recognized this inconsistency and chose to follow the last pronouncement of the Supreme Court on the subject. We are unable to reconcile the two Supreme Court opinions and though, of course, we would feel more certain of our ground had the Supreme Court indicated its purpose with respect to State v Kraus in its last opinion, yet there can be no reasonable doubt of the inconsistency of the two decisions and it is our obligation to follow the law as announced by the superior court.

Some mention is made in the brief to effect that our opinion in the case of **Brassel v Benham, 17 Abs 257** is in conflict with our other adjudications in cases involving the status of slot machines. The judgment in Brassel v Benham was required because of peculiar circumstances and facts appearing which precluded the court granting the equitable relief sought without respect to the strict legal principles involved.

In the light of the law as pronounced in the syllabus in Kraus v City of Cleveland, supra, the machine in question in this case must be held to be a gambling device per se.

The judgment will be affirmed.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.