## STATE v INNIS

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3068.  Decided Oct. 5, 1939.

Roland G. Allen, City Prosecutor, Columbus, for plaintiff-appellee.

Paul M. Herbert, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

The defendant was charged in the Municipal Court of the City of Columbus, Criminal Division, with the offense of keeping a gambling device; was tried and found not guilty, and the case ordered dismissed. Thereupon counsel for defendant moved the Court that the property alleged to be a gambling device be returned to the defendant for the reason that no showing was made that any law had been violated.

The Court refused to make such an order stating, "I think the slot machine is in and of itself a contraband." "The Court will not return the property; the Court will leave it where it is." Counsel for defendant stated that the machine seized is in the possession of the Court as evidence, to which the Court replied, "That is where it is." "It may be ordered destroyed at some future date." Upon the refusal of the Court to order the machine in question returned to the possession of the defendant an appeal was taken to the Court of Common Pleas, which Court upon hearing stated:

"The Court below had exhibited to it the machine in question and determined that same was contraband."

The decision of the Municipal Court was affirmed and the cause remanded. Thereupon notice of appeal was given and the case lodged in this Court. Counsel for defendant states that the cause is now in this Court upon the single question of the right of the Municipal Court to confiscate the article seized from the possession of the defendant-appellant in view of his acquittal. The Bill of Exceptions discloses the evidence in the trial court to the effect that the vice squad of the city went to the premises of the defendant and there took possession of a steel case which upon being opened disclosed what the police officers testified was an ordinary nickel slot machine. Upon being inquired of as to whether the officer had a warrant to search and seize, he replied that he did not have such a warrant. This statement was repeated by an officer who was in charge of the vice squad, who answered to an interrogatory as to whether he had a search warrant, "No, I have been informed that we are not required—". "I didn't have a search warrant. I didn't need one." Counsel

for defendant-appellant relies upon the provisions of §13430-8, GC, providing for the disposition of the property after trial. This section in substance states that if the accused is discharged, the property ·or other things seized shall be returned to the person in whose possession they were found unless the possession of such article is in itself an offense, in which case they shall be destroyed. If he is convicted the property shall be returned to its owner and the other things destroyed under the direction of the Court. It is insisted by counsel for defendant that inasmuch as the accused was discharged the statute is mandatory that the things seized shall be returned to the person in whose possession they were found, unless the possession is in itself an offense. This section is a part of the chapter relating to search warrants, §§13430-1 to 13430-11. There was no search and seizure under the statute in this case, as testified to by the officers. The officer simply went to the place where they suspected the gambling device was exhibited by the defendant and took possession of a case which, upon being opened, disclosed what the officer testified was a slot machine. The officers claimed they had a right to proceed without a search warrant. Whether the officers were right in this is not a question before the Court, the only question being, is the section quoted controlling under the facts disclosed.

The trial court stated that in his judgment the article was a contraband, and that he would make no order for its return and that the parties had other remedies. In this we believe the Court was correct. There is no statutory burden placed upon the trial court to dispose of property which is the subject of a legal controversy, either civil or criminal, except as may be specifically provided by statute.

The claimed errors of the Court of Common Pleas were in affirming the decision of the Municipal Court; that the decision of the Court of Common Pleas is contrary to the evidence and to the law. As to the question of what was the evidence in the case, the Bill of Exceptions is somewhat confusing. It is first stated that the Court viewed the slot machine now in possession of the Department being held in the property room of the Police Station. It further appears that an envelope containing money and same other articles was marked for the purpose of identification as State's Exhibit 1. When the State had rested it offered the "Exhibits in evidence" which were admitted, the statement being,

"Thereupon the exhibits last above referred to were offered, introduced and admitted on behalf of the plaintiff, State of Ohio; the slot machine in question being retained in the property room, Central Police Station, and the envelope containing the items hereinbefore set out being attached hereto marked State's Exhibit 1."

As stated before, it is not clear that the slot machine was offered in evidence. If it is not in evidence this Court can not determine any question of evidence. If it is in evidence, although not now being exhibited to this Court, the Court from its description is of the opinion that it is a gambling device. Defendant's claim for the return of the property is based solely upon the provisions of §13430-8, which, as the Court has pointed out, has no application in this case for the reason that there never was any search or seizure under the statute.

We have examined **State v Kraus, 114 Oh St 342; Synder v Alliance, 41 Oh Ap 48; Myers v Cincinnati, 128 Oh St 235; Kraus v Cleveland, 135 Oh St 43; Knull v McCreary, 29 Abs 334.**

Judgment of the Court below affirmed. Cause remanded.

GEIGER and BARNES, JJ., concur.
HORNBECK, PJ., concurs in judgment.